IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>DONTEVIS MORROW,<br><br>　　　　　　　　　Defendant. | **8:21-CR-87**<br><br>**ORDER** |

　　　This matter is before the Court on the defendant's Motion for Compassionate Release. Filing 53. Because the defendant has not exhausted his administrative remedies pursuant to 18 U.S.C § 3582(c)(1)(A), the Court must deny the Motion without prejudice.

　　　18 U.S.C § 3582(c)(1)(A) provides in relevant part, "The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." "This requirement is a mandatory claim-processing rule." *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). Courts in this circuit have consistently held that defendants "bear[ ] the burden of showing that he exhausted his administrative remedies with the BOP before filing a compassionate-release motion." *United States v. Clark*, No. 11-3034, 2020 WL 4507325, at *3 (N.D. Iowa Aug. 5, 2020) (quoting *United States v. Kinley*, No. 16-10018, 2020 WL 2744110, at *2 (W.D. Ark. Apr. 17, 2020)). The defendant has not stated nor provided any evidence that he has exhausted his administrative remedies. *See* Filing 53. The Court must "dismiss unexhausted compassionate-release motions without prejudice." *Houck*, 2 F.4th at 1084. Accordingly,

IT IS ORDERED that the defendant's Motion for Compassionate Release, Filing 53, is denied without prejudice.

Dated this 27th day of February, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge